Tucker, Richard T., J.
On September 9, 2003, the plaintiff, Ronald Gray (“Gray”), filed a complaint against the defendant, Thomas Foley (“Col. Foley”), formerly Colonel of the Massachusetts Department of State Police (“State Police”), seeking judicial review, pursuant to G.L.c. 22C, §43, of Col. Foley’s order upholding his predecessor’s decision to demote Gray from major to captain in the wake of allegations that Gray improperly interfered in an operating-under-the-influence (“OUI”) investigation on behalf of a friend. Gray now moves for judgment on the pleadings, pursuant to Mass.R.Civ.P. 12(c) and Superior Court Standing Order 1-96, and seeks a judicial determination that the order was unlawful and that Gray’s rights and benefits must be restored with interest. For the following reasons, the motion is DENIED.
BACKGROUND
On June 7, 2000, Gray was demoted from major to captain by Massachusetts State Police Colonel John DiFava. The demotion apparently stemmed from Gray’s alleged interference with an ongoing OUI investigation on behalf of a friend. The procedure leading up to the demotion was as follows.
*240 On February 10, 2000, Lt. William Powers of the Middlesex District Attorneys State Police Detective Unit provided Major Richard Fraelick (“Fraelick”) of the State Police Division of Investigative Services with a cassette tape that included Gray’s testimony during a show-cause hearing in Newton District Court in early 2000 regarding his friend’s second-offense OUI charges. Fraelick forwarded a To-From letter to Dep-u1y Superintendent Glenn Anderson, who then forwarded a “buck slip” to Det. Capt. James Sheehan of the Division of Investigative Services requesting an investigation into Gray’s conduct. (AR 55.)
On March 2, 2000, Gray was notified that he was the subject of an official departmental investigation. (AR 33.) On May 4, 2000, Det. Capt. Sheehan completed his investigation and issued a To-From letter to Fraelick and Lt. Col. Paul Regan sustaining the charges that Gray violated department Rules and Regulations and recommending disciplinary action through the Division of Standards and Training. (AR 27-29.)
Such disciplinary action through formal channels was never sought. Instead, on June 7, 2000, Col. DiFava issued a personnel order that read: “In accordance with M.G.L. and Article 3.3.2 of the Rules and Regulations governing the Massachusetts State Police, Ronald S. Gray is hereby returned to the rank of Captain effective Wednesday, June 07, 2000.” Under Article 3.3.2, staff officers, including majors, “may be returned to their previous rank or to the rank of Captain, at the discretion of the Colonel/Superintendent.” (AR 25-26.)
Shortly after his demotion, Gray requested a hearing pursuant to G.L.c. 22C, §43.[2] (AR24.) On July 10, 2003, the Colonel’s designee, Major Wayne Mackiewicz (“Mackiewicz”), conducted a hearing, at which Gray and his attorney were present. (AR 6.) Mackiewicz conveyed his findings and recommendations to Col. Foley on August 13, 2003. (AR7.) On August 25, 2003, Lt. Col. John Caulfield reported Col. Foley’s final ruling that (a) Gray had been afforded due process even though the complaint against him had not been documented on form SP-340; (b) The fact that the complainant shared a mutual dislike for Gray did not invalidate the procedure that followed; (c) Gray was not entitled to compensation at the paygrade of major during the period for which he was on injuiy leave following his demotion; and (d) Gray’s demotion was valid. (AR4.) In finding that Gray’s demotion was valid, Mackiewicz had referred specifically to the Colonel’s broad authority to demote members of his command staff for any reason under Article 3.3.2 and to appellate precedent recognizing the Colonel’s administrative discretion. (AR 7, par. 7-9.)
Gray brought this appeal before the Superior Court pursuant to G.L.c. 22c, §43. He claims he is aggrieved by the State Police’s failure to follow its own disciplinary procedures[3] and to provide Gray with a hearing prior to demotion.
DISCUSSION
Under G.L.c. 22C, §43, the court has jurisdiction to annul a State Police order approved by the Colonel if it is found to exceed the State Police’s authority. According to Gray, the only issue relevant to this appeal is whether the State Police exceeded its authority when it demoted him without following its own disciplinary procedures. Specifically, Gray contends that Article 6.4 of the Rules and Regulations requires the Lieutenant Colonel/Deputy Superintendent to either exonerate the accused in writing or approve the charges and serve the accused with a written copy of a charge form after reviewing the investigative report and disciplinary recommendation of the Division of Standards and Training. Gray asserts that the matter was never referred to the Division of Standards and Training and that he was demoted based solely on the results of Det. Capt. Sheehan’s investigation. He argues that the State Police’s failure to follow proper disciplinary channels deprived him of the opportunity to request a State Police Trial Board hearing in accordance with Articles 6.5 and 6.7 of the Rules and Regulations and G.L.c. 22C, § 13, which apply to members who have served for one year or more and who have been charged with violating department Rules and Regulations.
The State Police opposes Gray’s motion for judgment on the pleadings on the grounds that (1) Gray was afforded due process notwithstanding the technical deviation from the usual disciplinary protocol; and (2) a Section 43 hearing was not even required because Gray was demoted pursuant to Article 3.3.2, which grants the Colonel wide discretion to demote staff officers, including majors. The State Police argues that the court may annul a Colonel’s order only if found to exceed authority, and that the discretionary decision to demote Gray did not exceed authority regardless of any lapses in the disciplinary process.
This court agrees with the State Police’s position that strict adherence to disciplinary procedures was not a prerequisite to Gray’s demotion. According to Article 3.3.2, the Colonel may demote staff officers, including majors, at his discretion. See G.L.c. 22C, §1 (defining “staff officer" to mean “member of the state police holding a title of the rank of major, lieutenant colonel or colonel”). This authority is consistent with the Appeals Court’s conclusion in Greaney v. Colonel, Dep’t of State Police, 52 Mass.App.Ct. 789, 793 (2001), that “(the Legislature’s] intention was that the colonel have ‘free administrative discretion’ to appoint and demote those officers who constitute what he calls his ‘command staff,’ those upon whom he relies to carry out his policies” (internal citations omitted). The term “command staff’ comprises those holding titles of “major” and above. Id. In Greaney, the Court held that, in view of the Colonel’s wide discretion to appoint and *241 demote members of the command staff,[4] the plaintiffs, both majors with the State Police, were not entitled to invoke the procedural protections of the Veterans’ Tenure Act, G.L.c. 30A, §9, to invalidate their demotions, as the Act was not intended to apply to positions over which a manager has free discretion. Id. at 791-95. To hold otherwise, the Court observed, would “hamstring succeeding colonels and prevent them from choosing as their immediate staff the persons upon whom they wish to rely.” Id. at 793. Accordingly, the demotion orders were upheld. Id. at 795.
Notwithstanding Gray’s contention that his demotion came in the form of a disciplinaiy action and that the State Police was therefore required to follow its own internal procedures for meting out punishment, the administrative record shows that the demotion order was issued pursuant to the Colonel’s discretion to promote and demote staff officers under Article 3.3.2 and the General Laws. (AR 25.) Although Greaney dealt with the Colonel’s discretion to demote officers in the context of a potential violation of the Veterans’ Tenure Act, Gray cites no authority for his position that the Colonel’s “free administrative discretion” to demote majors should not also apply where the demotion order comes on the heels of disciplinary proceedings that invoke the protections of G.L.c. 22C, §§13 and 43. Although those provisions charge the Colonel with granting hearings and appointing trial boards where a member seeks review of an order or disciplinary charges, the court does not interpret them to supersede the Colonel’s general discretion to demote staff officers freely. See Greaney, 52 Mass.App.Ct. at 793. Thus, the court concludes that, while the fact that Gray was not afforded a right to answer charges before a trial board may have been a technical violation of G.L.c. 22C, §13, and Articles 6.5 and 6.7 of the Rules and Regulations, neither §13 nor §43 entitles Gray to the remedy he seeks — namely, a judicial declaration that the order demoting him from major to captain was invalid. Whatever procedural irregularities may have plagued the disciplinary proceedings against Gray, they are not relevant to Col. DiFava’s decision to demote him or Col. Foley’s subsequent approval of that decision. Therefore, the demotion order did not exceed the authority of the Colonel or the State Police based on their failure to follow protocol for disciplinary proceedings, and Gray’s motion for judgment on the pleadings must be denied.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs supplemental motion for judgment on the pleadings is DENIED.

The section provides: “Any person affected by an order of the department or of a division or officer thereof, may, within such times as the colonel may fix, which shall not be less than ten days after notice of such order, appeal to the colonel who shall thereupon grant a hearing, and after such hearing the colonel may amend, suspend or revoke such order. Any person aggrieved by an order approved by the colonel may appeal to the superior court: provided, that such appeal is taken within fifteen days from the date when such order is approved or made. The superior court shall have jurisdiction in equity upon such appeal to annul such order if found to exceed the authority of the department or upon petition of the colonel to enforce all valid orders issued by the department. Nothing herein contained shall be construed to deprive any person of the right to pursue any other lawful remedy.”

The State Police has promulgated Rules and Regulations to which its members are expected to adhere. Article 6, titled “Regulations Establishing Disciplinary Procedures and Temporary Relief from Duty,” sets forth procedures that are to be followed when a member is charged with violating department rules. (PL Mot., Ex. A.) The State Police has also promulgated General Order ADM-14, which provides that all complaints against personnel shall be documented and investigated in accordance with intake procedures. (AR 34.) The intake procedure requires that all external complaints be documented on form SP340 and faxed to the Division of Standards and Training within 24 hours of receipt. Internal complaints are to be documented in a To-From letter and faxed to the Division of Standards and Training within 24 hours of receipt. (AR 35.)

This discretion is inferred from powers granted to the Colonel in G.L.c. 22C, §§3, 10, 26, 27. See id. at 791-93.